**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7490**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TIRON WHEELER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:01-cr-00422-WMN-1)

Submitted:  January 14, 2016          Decided:  January 20, 2016

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tiron Wheeler, Appellant Pro Se.  Martin Joseph Clarke, Assistant United States Attorney, Jacabed Rodriguez Coss, Andrew George Warrnes Norman, Stephen Schenning, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiron Wheeler appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The court construed the Rule 60(b) motion as a successive § 2255 motion. We have reviewed the record and conclude that Wheeler's motion was not a true Rule 60(b) motion, but in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Wheeler is therefore not required to obtain a certificate of appealability to appeal the district court's order. See McRae, 793 F.3d at 400. As noted by the district court, in the absence of prefiling authorization from this court, it lacked jurisdiction to hear Wheeler's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Additionally, we construe Wheeler's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

2

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Wheeler's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED